**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Raymond P. Moore**

Civil Action No. 13-cv-00706-RM-BNB

BLANCH HODGE, JR.,

    Applicant,

v.

MICHAEL MILLER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**ORDER TO DISMISS IN PART AND FOR ANSWER**

    Applicant, Blanch C. Hodge, is a prisoner in the custody of the Colorado Department of Corrections (CDOC) and is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [ECF No. 1]. Mr. Hodge challenges the validity of his conviction and sentence imposed in the District Court of El Paso County, Colorado. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On March 20, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After obtaining three extensions of time, Respondents submitted a Pre-Answer Response on May 31, 2013. [Doc. # 17]. Applicant thereafter sought and was granted an extension of time to file his Reply, which he filed on June 28, 2013. [Doc. # 20].

The Court construes Mr. Hodge's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application, in part.

## I. Background and State Court Proceedings

Mr. Hodge was convicted in El Paso County District Court Case No. 99CR147, pursuant to his guilty plea, of first degree burglary and third degree sexual assault. [ECF No. 16-1, at 2 of 26]. On July 13, 1999, the trial court sentenced him to a prison term of thirty years. [*Id.* at 25].

Mr. Hodge did not file a direct appeal of his conviction or sentence.

On October 12, 1999, Mr. Hodge filed a motion to reconsider his sentence pursuant to Colo. R. Crim. P. 35(b). [*Id.*]. The trial court denied the motion on August 30, 2000. [*Id.* at 24-25]. Mr. Hodge did not appeal from the trial court's ruling.

Mr. Hodge filed a motion to correct an illegal sentence on October 3, 2001. [*Id.* at 23]. The trial court denied the motion on January 15, 2002. [*Id.*]. On appeal, the Colorado Court of Appeals vacated Applicant's sentence and remanded for sentencing. *See People v. Hodge*, 02CA0341 (Colo. App. Sept. 4, 2003) (unpublished). [Doc. # 16-2]. On April 22, 2004, the trial court resentenced Mr. Hodge to twenty-four years in the CDOC. [Doc. # 16-1, at 19].

On May 12, 2004, Mr. Hodge filed a motion to withdraw his plea and to set aside his sentence. [*Id.*]. The trial court denied the motion on June 14, 2004. [*Id.*]. Applicant appealed. On appeal, he claimed that he was denied his constitutional right to counsel and a hearing at resentencing. [Doc. # 16-4]. Mr. Hodge also raised several challenges to the validity of his

guilty plea. [*Id.*]. The Colorado Court of Appeals vacated Applicant's sentence and remanded for resentencing. [Doc. # 16-7]. The state appellate court held that Mr. Hodge was improperly denied counsel at the resentencing hearing and that the trial court incorrectly believed that the twenty-four year sentence was automatic. [*Id.* at 4-5]. The Colorado Court of Appeals affirmed the trial court's ruling that Applicant's challenges to his guilty plea were time-barred. [*Id.* at 5-8]. Mr. Hodge was resentenced to a twenty-four year prison term on August 25, 2006. [*Id.* at 15].

In the meantime, Mr. Hodge filed another post-conviction motion on July 20, 2004. [Doc. # 16-1, at 19]. The trial court denied the motion and Applicant's appeal was dismissed on December 8, 2004. [*Id.* at 17].

On August 22, 2006, Mr. Hodge filed a motion to withdraw his guilty plea pursuant to Colo. Crim. P. 32(d). The trial court denied the motion on August 25, 2006. [*Id.* at 15]. On appeal, the Colorado Court of Appeals held that Applicant's advisement at the providency hearing concerning his possible sentence was defective, and remanded the case to the trial court for an evidentiary hearing to determine whether the error was harmless. *See People v. Hodge*, 205 P.3d 481 (Colo. App. 2008).

On remand, the trial court denied the motion on October 16, 2009, following an evidentiary hearing. [Doc. # 16-1, at 12]. During the remand proceeding, Applicant also raised a claim under Colo. Crim. P. 35(a) that his sentence was illegal, which the trial court denied on October 20, 2009. [*Id.* at 11-12]. The Colorado Court of Appeals affirmed both orders on direct appeal in *People v. Hodge*, 09CA2580 (Colo. App. July 5, 2012) (unpublished) [Doc. # 16-21].

The Colorado Supreme Court denied Mr. Hodge's petition for certiorari review on December 20, 2012. [Doc. # 16-23].

Mr. Hodge initiated this action on March 18, 2013, asserting three claims for relief: (1) that his guilty plea was not knowing, intelligent and voluntary, in violation of due process; (2) that his aggravated range sentence is illegal because the only factor relied on by the sentencing court to aggravate his sentence was his probationary status, and the probationary sentence was found to be illegal; and, (3) the trial court erred in failing to vacate his sentence before conducting a Colo. Crim. P. 32(d) hearing on a motion to withdraw his guilty plea on remand from the Colorado Court of Appeals. [Doc. # 1, at 47-52].

Respondents argue that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Respondents further contend that claim two was procedurally defaulted in the state courts and that claim three does not present a federal question cognizable on federal habeas corpus review.

## II.  AEDPA Time Bar

Respondents first maintain that the Application is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

>> the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Hodge was sentenced on July 13, 1999 and was resentenced on April 22, 2004, and again on August 25, 2006. Resentencing starts a new limitations period for federal habeas purposes only with regard to claims related to the new judgment and sentence. *See Prendergast v. Clements*, 699 F.3d 1182, 1185-88 (10th Cir. 2012); *see also Zack v. Tucker*, 704 F.3d 917, 918 (11th Cir. 2013) (collecting cases including *Prendergast*) (federal statute of limitations requires a claim-by-claim approach to determine timeliness), *overruling Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003) (resentencing restarts statute of limitations for all claims of habeas application); *Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007) (applicant's designation as sexual predator did not restart statute of limitations, as all federal habeas claims related to original judgment); *Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004) (timeliness of habeas corpus claims should be determined on a claim-by-claim basis).

Mr. Hodge's first claim for relief, challenging his guilty plea, attacks his original conviction and sentence. The time for filing a direct appeal of his original sentence expired on

August 27, 1999, forty-five days after his original sentence was imposed on July 13, 1999.  *See* Colo. App. R. 4(b) (1999).  As such, Mr. Hodge's conviction became final on August 27, 1999 and the one-year limitation period commenced on that date, for purposes of federal habeas review of Applicant's first claim for relief.  *See Prendergast*, 699 F.3d at 1185-88.

The Court next must determine whether Mr. Hodge filed state post-conviction motions that tolled the one-year limitation period.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

Mr. Hodge filed a motion to reconsider his sentence on October 12, 1999, 46 days after the limitation period began.  The motion was denied on August 30, 2000, and the limitation period began to run forty-five days later, on October 14, 2000, when the time for filing an appeal

expired. *See* Colo. App. R. 4(b) (1999). Mr. Hodge filed a motion to correct illegal sentence on October 3, 2001 (352 days later). At that time, 398 days (46 days + 352 days) had elapsed on the AEDPA time clock.

Mr. Hodge's state post-conviction motions filed after the passage of the one-year period are not relevant to the timeliness of claim one of his federal application. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same). Accordingly, the Court finds that claim one of the § 2254 Application, filed on March 18, 2013, is time-barred unless equitable tolling applies.

The Court further finds that claims two and three of the Application (challenging Mr. Hodge's August 25, 2006 resentencing) are not time-barred because those claims did not accrue until December 20, 2012, at the conclusion of Mr. Hodge's state post-conviction proceeding.

## III. Equitable Tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson,* 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010); *Gibson*, 232 F.3d at 808. Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims

diligently. *Miller*, 141 F.3d at 978. The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978)). Mr. Hodge bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Hodge argues in his Reply brief that claim one of the Application is timely because under Colo. R. Crim. P. 35(b), his conviction was not final until 120 days after sentencing. He thus maintains that the 46 days that elapsed between the last date he could have filed a direct appeal (August 27, 1999) and the date he filed his Rule 35(b) motion (October 12, 1999) cannot be counted against the AEDPA time clock. Applicant's contention flies in the face of the AEDPA, which provides that the one-year limitation period shall run from the latest of– ". . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under the Colo. App. R. 4(b) (1999), Mr. Hodge had 45 days to seek direct review of his conviction. He failed to do so. Instead, Applicant let the appeal period expire and filed a motion for reduction of sentence 91 days after the sentence was imposed, in accordance with the filing requirements of Colo. R. Crim. P. 35(b) (1999). However, nothing in Colo. R. Crim. P. 35(b) or the AEDPA provides that a criminal conviction is not final simply because a state post-conviction remedy is available. Under the express terms of the federal statute, the one-year limitation period commenced on August 27, 1999, when the time for filing a direct appeal expired. *See* 28 U.S.C. 2244(d)(1)(A).

Mr. Hodge cites *Serrano v. Williams*, 383 F.3d 1181 (10th Cir. 2004) in support of his contention that the one-year limitation period did not commence until after the conclusion of his

Rule 35(b) proceeding. In *Serrano*, the Circuit Court of Appeals for the Tenth Circuit reversed the district court's determination that the petitioner's § 2254 application was untimely. The Tenth Circuit held that because New Mexico procedural rules authorized a petitioner to file a motion for rehearing in the state supreme court within fifteen days of the state supreme court's denial of a petition for certiorari review, the petition for certiorari review remained pending and the limitations period was tolled until the time for filing a petition for rehearing expired. *Serrano*, 383 F.3d at 1185. The Circuit Court thus concluded that the petitioner's § 2254 application, which was filed within fifteen days of the state supreme court's denial of his petition for certiorari, was timely. *Id.* at 1187.

The *Serrano* decision is inapposite because the Circuit Court did not address the issue of when the AEDPA one-year limitation period commences, but instead interpreted the language in 28 U.S.C. § 2244(d)(2) concerning when a state motion for post-conviction relief is pending for purposes of tolling the statutory period.

Finally, the Court finds that Mr. Hodge does not allege any facts to demonstrate that he is actually innocent of the crimes or that he actively pursued his judicial remedies but filed a defective pleading within the statutory period. Accordingly, claim one (challenging the validity of Applicant's guilty plea) will be dismissed as time-barred.

## IV. Exhaustion of State Court Remedies and Procedural Default

Respondents argue that Mr. Hodge has procedurally defaulted his second claim in the state courts on an adequate and independent state law ground and, therefore, is not entitled to federal habeas review of the merits of the claim. [Doc. # 16, at 16].

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman*

*v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar). A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Hodge asserts in his second claim for relief that the aggravated sentence imposed by the state district court in 2006 is unlawful, under *Blakely v. Washington*, 542 U.S. 296 (2004), because the state court improperly relied on his probationary status. [Doc. # 1, at 50-51]. On appeal in the state post-conviction proceeding, the Colorado Court of Appeals concluded that Applicant's sentence comported with *Blakely*. [Doc. # 16-21, at 5-6]. The state appellate court did not reject the claim pursuant to a state procedural rule. Accordingly, the Court finds and concludes that Mr. Hodge exhausted state remedies for his second claim.

**V. Issue of State Law**

Respondents finally contend that claim three of the § 2254 Application raises an issue of state law that is not cognizable on federal habeas review.

Mr. Hodge asserts in claim three that the state district court violated Colo. R. Crim. P. 32(d) by failing to vacate his sentence before conducting an evidentiary hearing on the motion to withdraw his guilty plea. [Doc. # 1, at 51-52].

A federal habeas court is limited to deciding whether a conviction "violat[ed] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See Swarthout v. Cooke*, __ U.S. __, 131 S.Ct. 859, 861 (2011) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law,'" quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) (other internal quotations and citation omitted). Because claim three fails to present a federal issue, it will be dismissed.

### IV. Orders

For the reasons discussed above, it is

ORDERED that claim one of the § 2254 Application is DISMISSED as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that claim three of the § 2254 Application is DISMISSED because it fails to present a federal issue cognizable on federal habeas review. It is

FURTHER ORDERED that within thirty (30) days, Respondent(s) shall file an Answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted claim two of the Application. It is

FURTHER ORDERED that within thirty (30) days of the filing of the answer Applicant may file a reply, if he desires.

DATED at Denver, Colorado, this 17th day of July, 2013.

BY THE COURT:

RAYMOND P. MOORE
District Judge