**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-00706-RM

BLANCH HODGE, JR.,

      Applicant,

v.

MICHAEL MILLER, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

This matter is before the Court on the *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application") (ECF No. 1), filed by Applicant Blanch Hodge, Jr., on March 18, 2013. Respondents answered the Application (ECF No. 38), and Applicant was afforded an opportunity to file a reply or traverse. After reviewing the pertinent portions of the record in this case including the Application, the Answer, and the state court record, the Court concludes that the Application should be denied.

## I.  BACKGROUND

On May 26, 1999, Applicant was convicted, pursuant to his guilty plea, of first degree burglary and third degree sexual assault in El Paso County District Court Case No. 99CR147. (ECF No. 16-1, at 2 of 26). He was sentenced to a 30-year prison term with the Colorado Department of Corrections. (*Id.* at 25). Applicant did not file a direct appeal from his conviction.

On October 12, 1999, Applicant filed a motion to reconsider his sentence pursuant to Colo. R. Crim. P. 35(b).  (*Id.* at 25).  The trial court denied the motion and Applicant did not appeal.  (*Id.* at 24-25).

On October 31, 2001, Applicant filed a motion to correct an illegal sentence, which was denied by the trial court.  (*Id.* at 23).  On appeal, the Colorado Court of Appeals vacated Applicant's sentence and remanded for sentencing.  *See People v. Hodge*, 02CA0341 (Colo. App. Sept. 4, 2003) (unpublished).  (ECF No. 16-2).  On April 22, 2004, the trial court resentenced Applicant to twenty-four years in the CDOC.  (ECF No. 16-1, at 19).

On May 12, 2004, Applicant filed a motion to withdraw his plea and to set aside his sentence.  (*Id.*).  The trial court denied the motion on June 14, 2004.  (*Id.*).  Applicant appealed, claiming that he was denied his constitutional right to counsel and a hearing at resentencing.  (ECF No. 16-4).  Applicant also raised several challenges to the validity of his guilty plea.  (*Id.*).  The Colorado Court of Appeals affirmed the trial court's ruling that Applicant's challenges to his guilty plea were time-barred in *People v. Hodge*, 04CA1255 (Colo. App. March 30, 2006) (unpublished).  (Doc. No. 16-7, at 5-8).  However, the state appellate court also vacated Applicant's sentence and remanded for resentencing on the bases that Applicant was improperly denied counsel at the resentencing hearing and the district court incorrectly believed that the twenty-four year sentence was automatic.  (*Id.* at 4-5).  The state district court resentenced Applicant to a twenty-four year prison term on August 25, 2006.  (*Id.* at 15).

In the meantime, Applicant filed another post-conviction motion on July 20, 2004. (ECF No. 16-1, at 19).  The trial court denied the motion and Applicant's appeal was

dismissed on December 8, 2004.  (*Id.* at 17).

On August 22, 2006, Applicant filed a motion to withdraw his guilty plea pursuant to Colo. Crim. P. 32(d).  The trial court denied the motion on August 25, 2006.  (*Id.* at 15).  On appeal, the Colorado Court of Appeals held that Applicant's advisement at the providency hearing concerning his possible sentence was defective, and remanded the case to the trial court for an evidentiary hearing to determine whether the error was harmless.  *See People v. Hodge*, 205 P.3d 481 (Colo. App. 2008).

On remand, the trial court denied the motion following an evidentiary hearing. (ECF No. 16-1, at 12).  During the remand proceeding, Applicant also raised a claim under Colo. Crim. P. 35(a) that his sentence was illegal, which the trial court denied on October 20, 2009.  (*Id.* at 11-12).   The Colorado Court of Appeals affirmed both orders on direct appeal in *People v. Hodge*, 09CA2580 (Colo. App. July 5, 2012) (unpublished). (ECF No. 16-21).  The Colorado Supreme Court denied Applicant's petition for certiorari review on December 20, 2012.  (ECF No. 16-23).

Applicant initiated this action on March 18, 2013, asserting three claims for relief: (1) that his guilty plea was not knowing, intelligent and voluntary, in violation of due process; (2) that his aggravated range sentence violates his constitutional rights as articulated in *Blakely v. Washington*, 542 U.S. 296 (2004), because the only factor relied on by the sentencing court to aggravate his sentence was his probationary status, and the probationary sentence was found to be illegal; and, (3) the trial court erred in failing to vacate his sentence before conducting a Colo. Crim. P. 32(d) hearing on a motion to withdraw his guilty plea on remand from the Colorado Court of Appeals.  (ECF No. 1, at 47-52).

Respondents raised the following arguments in their Pre-Answer Response:  (1) the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d); (2) claim two was procedurally defaulted in the state courts; and, (3) claim three does not present a federal question cognizable on federal habeas corpus review.  (ECF No. 16). In a previous order, the Court determined that claim one is time-barred and that claim three fails to invoke this Court's federal habeas jurisdiction.  (ECF No. 27).  The Court thus dismissed claims one and three.  (*Id.*).  The Court further found that Applicant exhausted state remedies for his second claim.  (*Id.* at 11).  The Court addresses the merits of claim two below.

## II.  LEGAL STANDARDS

### A.  28 U.S.C. § 2254

A § 2254 Application can be granted only if the adjudication of the applicant's claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Pursuant to § 2254(e)(1), the court must presume that the state court's factual determinations are correct and the applicant bears the burden of rebutting the presumption by clear and convincing evidence.

### B. PRO SE LITIGANT

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and

other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### III. MERITS

In claim two of the Application, Applicant asserts that the aggravated range sentence violates his constitutional rights as articulated in *Blakely v. Washington*, 542 U.S. 296 (2004), because the only factor relied on by the sentencing court to increase his sentence was his probationary status, and the probationary sentence was found to be illegal. (ECF No. 1, at 50-52).

As relevant here, Applicant pleaded guilty in the state district court to First Degree Burglary, a class three felony. (State Court R. 5/26/99 Hrg. Tr.). In Colorado, the presumptive range sentence for a class three felony is four to twelve years. *See* COLO. REV. STAT. ("C.R.S.") § 18-1.3-401(1)(a)(V)(A) (2012). "Under the Colorado sentencing scheme, a trial court must impose a sentence within the applicable presumptive range for a felony offense unless it finds that extraordinary mitigating or aggravating facts are present." *Allen v. Reed*, 427 F.3d 767, 772 (10th Cir. 2005) (citing

5

*People v. Leske*, 957 P.2d 1030, 1042-43 (Colo. 1998)); *see also* § 18-1.3-401(6),

C.R.S. (2012) (sentencing court may impose a sentence of up to twice the maximum in

the presumptive range if the court finds aggravating circumstances). Here, the state

district court determined that Applicant's probationary status was an aggravating factor

that justified a 24-year sentence. (State Court R., 8/25/06 Sentencing Hrg. Tr. at 19-

20); *see also* § 18-1.3-401(8), C.R.S. (2012) (requiring imposition of a sentence of "at

least midpoint in the presumptive range but not more than twice the maximum term

authorized in the presumptive range," where the offender was on probation at the time

of the offense).

In 2009, Applicant raised a claim before the state post-conviction court, pursuant

to Colo. R. Crim. P. 35(a), that his sentence was aggravated illegally based on his

probationary status because state law precluded him from serving a probation sentence

in his earlier case at the time he committed the current offense. (State Court R., Court

File, October 30, 2009 Order; ECF No. 16-21, at 4). The state appellate court agreed

that the trial court lacked authority to impose probation in the earlier case, *see* ECF No.

16-21, at 4, but nonetheless determined that the sentence was proper based on

Applicant's criminal history. The Colorado Court of Appeals rejected Applicant's claim

on the following grounds:

> Relying on [Colorado case law], [Applicant] argues that "we cannot
> be certain that the trial court would have imposed the same sentence,". . .
> had it not been able to rely on his probationary status to aggravate the
> sentence. But in [the state law cases], the trial courts did not cite any
> other aggravating circumstances in imposing the sentences. . . .
>
> Here, however, in addition to [Applicant's] probationary status, the
> trial court also noted [Applicant's] criminal history ("And based on that I do

6

believe based on your criminal history, the fact that when you did this you were on probation"). *See Lopez v. People*, 113 P.3d 713, 731 (Colo. 2005) ("One *Blakely*-compliant or *Blakely*-exempt factor is sufficient to support an aggravated sentence" and "satisfied constitutional and statutory requirements for the protection of defendants."). Under section 18-1.3-401(6), C.R.S. 2011, the court was authorized to expand the sentence range to twenty-four years if it found such an extraordinary aggravating circumstance. *See People v. Zuniga*, 80 P.3d 965, 972 (Colo. App. 2003) ("A trial court may properly consider the defendant's criminal history . . . as [an] aggravating factor [ ].") Further, the record supports the trial court's finding on prior criminality and [Applicant] does not dispute it.

Accordingly, we conclude that [Applicant's] sentence was proper.

*People v. Hodge*, 09CA2580 (Colo. App. July 5, 2012) (unpublished) (ECF No. 16-21, at 5-6).

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt to comply with the Sixth Amendment. In *Blakely*, the Supreme Court clarified that the rule of *Apprendi* applies when the sentence is enhanced beyond the prescribed "statutory maximum," which the Supreme Court has defined as the maximum sentence a judge may impose based on the verdict alone, "without any additional findings." 542 U.S. at 303-304. Prior convictions are exempt from the rule of *Apprendi*. *See Apprendi*, 530 U.S. at 476, 490; *see also Hunter v. Werholtz,* 505 F.3d 1080, 1082 (10th Cir. 2007) (holding that *Apprendi* does not require a state to prove beyond a reasonable doubt facts related to prior convictions).

The Colorado Court of Appeals' determination of Applicant's claim did not run afoul of *Apprendi* and *Blakely.* The *Lopez* decision is consistent with the rules of *Apprendi* and *Blakely.* The state sentencing court properly considered Applicant's prior

convictions to aggravate his sentence beyond the statutory maximum without offending the Constitution.  The state court's factual determination that Applicant had prior felony convictions is presumed correct in this federal habeas proceeding and is supported by the state court record.  (*See* State Court R., Sentencing Hrg. Tr., at 13 (discussing prior felony convictions for criminal trespass and attempted escape), and 19 ("based on your criminal history. . . "); *see also* Presentence Report (filed under seal) (detailing prior felony and misdemeanor convictions)).  Applicant has not pointed to any clear and convincing evidence to demonstrate otherwise.  Accordingly, the Court finds that the state appellate court's decision comported with federal law and was a reasonable determination of the facts based on the evidence presented in the state court proceeding.  Claim two therefore will be dismissed.

## IV.  ORDERS

It is HEREBY **ORDERED** that the pro se Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [# 1], filed by Applicant Blanch Hodge, Jr., on March 18, 2013, is DENIED and this case is DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that all pending motions are DENIED as moot.

FURTHER ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated January 24, 2014, at Denver, Colorado.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Court Judge